FILED 6/12/12
JUDGE Elaine E. Bucklo
MAGISTRATE JUDGE
Jeffrey Cole
12 CV 5026

**UNITED STATES JUDICIAL PANEL**
on
**MULTIDISTRICT LITIGATION**

IN RE: NEBIVOLOL ('040)
PATENT LITIGATION

| | | |
|---|---|---|
| Forest Laboratories Inc., et al. v. Torrent Pharmaceuticals Ltd., et al., D. Delaware, C.A. No. 1:12-00305  12cv5030 | ) | |
| Forest Laboratories, Inc,. et al. v. Indchemie Health Specialties Pvt. Ltd., et al., N.D. Illinois, C.A. No. 1:12-01855 | ) ) | MDL No. 2364 |

**TRANSFER ORDER**

**Before the Panel**:[*] Pursuant to 28 U.S.C. § 1407, plaintiffs Forest Laboratories, Inc., and Forest Laboratories Holdings, Ltd. (collectively Forest) have moved to centralize this litigation in the District of Delaware. This litigation currently consists of two actions pending, respectively, in the District of Delaware and the Northern District of Illinois.

Responding defendants in the Delaware action[1] do not oppose centralization. Watson Laboratories defendants[2] in the Delaware action take no position on centralization but suggest selection of the Northern District of Illinois as the transferee district. Defendants in the Northern District of Illinois action, Alkem Laboratories, Ltd., and Indchemie Health Specialties PVT. LTD. (Alkem and Indchemie) oppose centralization and, alternatively, suggest selection of the Northern District of Illinois as the transferee forum.

Forest brought the actions in this litigation after various generic drug manufacturer defendants submitted Abbreviated New Drug Applications seeking the approval of the Food and Drug Administration to make and sell generic versions of the patented Forest drug Bystolic[3] before the drug's patent expires. Bystolic reportedly contains a beta-adrenergic blocking agent, or "beta blocker," called nebivolol hydrochloride and is indicated for the treatment of hypertension, to lower blood pressure. Alkem and Indchemie oppose centralization by arguing, *inter alia*, that (1) centralization is unnecessary

---

[*] Judge Kathryn H. Vratil did not participate in the decision of this matter.

[1] Amerigen Pharmaceuticals Inc., and Amerigen Pharmaceuticals Ltd.; Hetero USA Inc. and Hetero Labs Ltd. (Hetero); and Glenmark Generics, Inc., USA, Glenmark Generics, Ltd., and Glenmark Pharmaceuticals Ltd. (Glenmark). Glenmark and Hetero suggest selection of the District of Delaware as the transferee forum.

[2] Watson Laboratories, Inc. (NV), Watson Laboratories, Inc. (DE), Watson Laboratories, Inc. (NY), Watson Laboratories, Inc. (CT), Watson Pharma, Inc., and Watson Pharmaceuticals, Inc. (collectively Watson).

[3] Both actions contain allegations with respect to U.S. Patent No. 6,545,040 ('040 patent), which covers the Bystolic drug.

- 2 -

because only two actions are pending in two districts, and (2) the facts among the different actions will vary, given the different proposed generic formulations at issue. We respectfully disagree with these arguments. Even though only two actions are pending, the Panel has recognized that "actions involving the validity of complex pharmaceutical patents and the entry of generic versions of the patent holder's drugs are particularly well-suited for transfer under Section 1407." *In re Alfuzosin Hydrochloride Patent Litig.*, 560 F. Supp. 2d 1372, 1372 (J.P.M.L. 2008). Indeed, the Panel has frequently centralized litigation comprised of only two Hatch-Waxman Act cases.[4]

While there may be some variances in the proposed formulations of defendants' respective drugs, this does not weigh strongly against centralization because all defendants are anticipated to raise similar arguments concerning non-infringement defenses based on the phrase "consisting of" in the '040 patent's claims, which they assert excludes from infringement any products containing more than the listed ingredients in the patent. Moreover, the issue of the obviousness of the '040 patent based on a specific prior art reference (U.S. Patent No. 4,654,362) likely will be involved in the claims of all defendants in both actions.

On the basis of the papers filed and hearing session held, we find that these two actions involve common questions of fact, and that centralization under Section 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Both actions share factual allegations with respect to the infringement, validity or enforceability of the '040 patent. Both actions were filed within a day of each other, and neither is particularly advanced. Centralization under Section 1407 will eliminate duplicative discovery (which will likely be international in scope), prevent inconsistent pretrial rulings (particularly on claim construction issues), and otherwise conserve the resources of the parties, their counsel and the judiciary.

Given that neither action is significantly advanced (which is unsurprising since Forest filed the actions on successive days in mid-March 2012), either district would be an acceptable transferee forum. On balance, we choose the Northern District of Illinois to serve as the transferee district for pretrial proceedings in this litigation. This district has the support of defendants Indchemie, Alkem and Watson. Further, Judge Elaine E. Bucklo enjoys favorable caseload conditions and, as an experienced transferee judge, we are confident that she will steer this litigation on a prudent course.

---

[4] *See, e.g., In re Armodafinil Patent Litig.*, 755 F. Supp. 2d 1359 (J.P.M.L. 2010) (centralizing two Hatch-Waxman cases); *In re Brimonidine Patent Litig.*, 507 F. Supp. 2d 1381 (J.P.M.L. 2007) (same); *In re Metoprolol Succinate Patent Litig.*, 329 F. Supp. 2d 1368 (J.P.M.L. 2004) (same).

- 3 -

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the District of Delaware action is transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable Elaine E. Bucklo for coordinated or consolidated pretrial proceedings with the actions pending in that district.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

W. Royal Furgeson, Jr.      Barbara S. Jones
Paul J. Barbadoro           Marjorie O. Rendell
Charles R. Breyer