**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| In re Nebivolol ('040) Patent Litigation | C.A. No. 12-5026 (EEB) (JC) |

**STIPULATION AND ORDER**

The Court, upon the consent and request of Plaintiffs Forest Laboratories, Inc. and Forest Laboratories Holdings, Ltd. (collectively, "Plaintiffs") and Defendants Glenmark Generics Inc., USA, Glenmark Generics Ltd., and Glenmark Pharmaceuticals Ltd. (collectively, "Glenmark"), hereby acknowledges the following Stipulation and issues the following Order.

## STIPULATION

1. This Court has subject matter jurisdiction over this patent infringement action (the "Action") and personal jurisdiction over Plaintiffs and Glenmark. Venue is proper in this Court as to Plaintiffs and Glenmark.

2. In this Action, Plaintiffs have charged Glenmark with infringement of certain claims of United States Patent No. 6,545,040 ("the '040 Patent") in connection with Glenmark's submission of Abbreviated New Drug Application ("ANDA") No. 203821 directed to generic tablets containing 2.5 milligrams, 5 milligrams, 10 milligrams, or 20 milligrams of nebivolol hydrochloride per tablet to the U.S. Food and Drug Administration ("FDA").

3. In response to Plaintiffs' charges of patent infringement, Glenmark has alleged certain defenses and counterclaims, including that the '040 Patent is invalid, unenforceable and/or not infringed by the generic tablet products containing 2.5 milligrams, 5 milligrams, 10 milligrams, or 20 milligrams of nebivolol hydrochloride that are the subject of ANDA No. 203821. No decision has been obtained by either party from this Court regarding these charges of infringement or these defenses and counterclaims.

4. Glenmark admits that the submission of ANDA No. 203821 to the FDA for the purpose of obtaining regulatory approval to engage in the commercial manufacture, use and/or sale of generic tablets containing 2.5 milligrams, 5 milligrams, 10 milligrams, or 20 milligrams of nebivolol hydrochloride per tablet within the United States before the expiration of

the '040 Patent was a technical act of infringement of that patent under 35 U.S.C. § 271(e)(2)(A). This admission is without prejudice to Glenmark's defenses and counterclaims that the '040 Patent is invalid, unenforceable and/or that the product described by ANDA No. 203821 does not infringe that patent.

5. The Parties have agreed that all other claims, defenses and counterclaims set forth in the Complaint, Amended Complaint, Answer And Counterclaims, including the allegations and averments contained therein, should be dismissed, without prejudice.

## ORDER

Accordingly, pursuant to the above Stipulation, and upon the consent and request of Plaintiffs and Glenmark, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The filing of ANDA No. 203821 was a technical act of infringement of the '040 Patent under 35 U.S.C. § 271(e)(2)(A). No decision of the Court has been obtained by either party regarding the presumptive validity or enforceability of the '040 Patent and/or whether the product described by ANDA No. 203821 infringes that patent.

2. Other than as provided in Paragraph 1, Forest's claims and Glenmark's defenses and counterclaims with respect to the '040 Patent are hereby dismissed, without prejudice.

3. Glenmark, its officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby enjoined from manufacturing, using, offering to sell or selling within the United States, or importing into the United States, the generic tablet

products containing 2.5 milligrams, 5 milligrams, 10 milligrams, or 20 milligrams of nebivolol hydrochloride per tablet that are the subject of ANDA No. 203821 during the life of the '040 Patent, including any extensions and pediatric exclusivities, absent a license agreement or other authorization by Plaintiffs, unless all of the then-asserted claims of the '040 Patent are found non-infringed, invalid and/or unenforceable by a court decision from which no appeal has been or can be taken, other than a petition for a writ of certiorari to the U.S. Supreme Court.

4. Plaintiffs and Glenmark each expressly waive any right to appeal or otherwise move for relief from this Stipulation And Order.

5. This Court retains jurisdiction over Plaintiffs and Glenmark for purposes of enforcing this Stipulation And Order.

6. This Stipulation And Order shall finally resolve this Action between Plaintiffs and Glenmark.

7. The Clerk of the Court is directed to enter this Stipulation And Order forthwith.

**SO ORDERED:**

This 25th day of January, 2012

_____
HONORABLE ELAINE E. BUCKLO
UNITED STATES DISTRICT JUDGE